UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JUAN SANTIAGO,

        Plaintiff,

v.                              Case No: 6:21-cv-1982-RBD-EJK

HOLIDAY CVS LLC,

        Defendant.

## ORDER

This cause comes before the Court on Defendant's Motion to Strike Plaintiff's Disclosure of Expert Witnesses (the "Motion"), filed May 25, 2023. (Doc. 43.) Plaintiff filed a response in opposition on June 6, 2023. (Doc. 50.) Accordingly, the Motion is now ripe for review.

Defendant asserts that Plaintiff's list of eight physician witnesses should be designated as expert witnesses under Rule 26(a)(2)(B), and, as such, should have provided a written expert report. (*See.* Doc. 43.) Plaintiff's Disclosure of Expert Witnesses lists treating physicians he intends to call at trial. Dr. Avery Buholz, Dr. Renato Vesga, Dr. Jason M. Highsmith, Dr. Stanley Kupiszeksi, Dr. Chintan Desai, Joseph R. Sefick, Dr. Ralph G. Marino, and Dr. Penolope Knox (the "Experts"), are listed as hybrid witnesses, pursuant to Rule 26(a)(2)(C). Therefore, instead of providing a written expert report, Plaintiff disclosed a summary of the facts and opinions on which each witness is expected to testify. However, based on the summaries, Defendant argues that the Experts' testimony "expect to extend beyond

each physician's own care and treatment of Plaintiff." (*See* Doc. 43.) Defendant seeks to strike Plaintiff's Disclosure of Expert Witnesses or limit the testimony of the treating physicians. (*Id.*) In the alternative, Defendant asks the Court to require Plaintiff to disclose the required reports. (*Id.*)

Federal Rule of Civil Procedure 26(a)(2) requires the disclosure of an expert witness that a party may use at trial. If an expert is disclosed pursuant to Rule 26(a)(2)(B), then the disclosure must be accompanied by a written report that includes the following pieces of information:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B).

Alternatively, if an expert is disclosed pursuant to Rule 26(a)(2)(C), then the disclosing party need not provide an expert report; instead, the disclosure need only include the subject matter alongside a summary of facts and opinions that the witness is expected to testify about. Fed. R. Civ. P. 26(a)(2)(C). Such expert witnesses are generally referred to as "hybrid" witnesses. The 2010 Amendments to the Federal Rules of Civil Procedure provided that:

> A witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony under Evidence Rule 702, 703, or 705. Frequent examples include physicians or other health care professionals and employees of a party who do not regularly provide expert testimony. Parties must identify such witnesses under Rule 26(a)(2)(A) and provide the disclosure required under Rule 26(a)(2)(C). The (a)(2)(C) disclosure obligation does not include facts unrelated to the expert opinions the witness will present.

Fed. R. Civ. P. 26 advisory committee's notes to 2010 addition.

Rule 37(c)(1) allows for sanctions against a party that fails to provide information or identify a witness in accordance with Rule 26(a). Specifically, the non-disclosing party will be prohibited from using such information or witness, unless the non-disclosure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). "Factors relevant to the determination of whether exclusion of a witness is warranted include 'the explanation for the failure to disclose the witness, the importance of the testimony, and the prejudice to the opposing party if the witness had been allowed to testify.'" *Brackett v. Nat'l Specialty Ins. Co.*, No. 2:21-cv-269-JLB-MRM, 2022 WL 2915659, at *2 (M.D. Fla. May 31, 2022) (quoting *Izquierdo v. Certain Underwriters at Lloyd's London*, No. 20-13772, 2021 WL 3197008, at *4 (11th Cir. July 29, 2021)).

In the instant Motion, Defendant cites to various sections from Plaintiff's Disclosure of Expert Witnesses. Specifically, Defendant takes issue with the following language used in the Experts' summaries: "[The Expert] is . . . anticipated to testify about all the treatment Mr. Santiago received *from all providers* after the subject accident, Mr. Santiago's complaints, his observations of Mr. Santiago, the results of

examinations and treatment, and the results of **all diagnostic testing** performed on Mr. Santiago." (Doc. 48 at 6–9) (emphasis included in the Motion). Defendant asserts that the indication that Plaintiff's medical providers intend to "testify about all the treatment [Plaintiff] received from all providers after the subject accident" suggests that the Experts will be offering opinions that extend beyond their personal treatment and care for Plaintiff, necessitating a Rule 26(a)(2)(C) disclosure. (*Id.* at 9–10.)

The undersigned agrees with Defendant as to the above-quoted language and finds that the purported testimony would go beyond the scope of Rule 26(a)(2)(C). *Williams v. Mast Biosurgery USA, Inc.*, 644 F.3d 1312, 1317 (11th Cir. 2011) (stating that when an opinion goes beyond the experience of treating the patient, the physician's testimony goes from lay to expert testimony). However, striking an expert is a drastic remedy, especially when there are other remedies that could cure any prejudice. *Bingham v. Baycare Health Sys.*, No. 8:14-cv-73-T-23JSS, 2016 WL 5106946, at *4 (M.D. Fla. Sept. 20, 2016).

To cure the deficiency in Plaintiff's disclosures, **on or before July 24, 2023**, Plaintiff is **DIRECTED** to either a) supplement the expert reports,[1] or b) stipulate that the Experts will not testify as to "treatment Mr. Santiago received from all providers" or "the results of all diagnostic testing performed on Mr. Santiago," to the extent that such treatment and testing were beyond the scope of their own care and treatment of Plaintiff.

---

[1] Both parties agree to this relief. (Docs. 41 at 10; 50 at 2.)

Accordingly, Defendant's Motion to Strike Plaintiff's Disclosure of Expert Witnesses is **GRANTED IN PART AND DENIED IN PART**, as set forth herein.

**DONE** and **ORDERED** in Orlando, Florida on July 10, 2023.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE